UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY SINCLAIR,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK CITY POLICE DEPARTMENT,<br>CITY OF NEW YORK,<br>EDWARD CABAN, and JESSICA TISCH,<br><br>Defendants. | 26-CV-2108 (JAV)<br><br>ORDER OF SERVICE |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Plaintiff brings this suit against Defendants New York City Police Department ("NYPD"), City of New York, Edward Caban, in his official capacity as former NYPD Commissioner, and Jessica Tisch, in her official capacity as current NYPD Commissioner. By order dated March 18, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against the NYPD and Edward Caban; and (2) requests that the City of New York and Jessica Tisch waive service of summons.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Claims against NYPD and Edward Caban

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not a suable entity. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Gordon v. Gordon*, No. 25-CV-0170 (LTS), 2025 WL 1517961, at *3 (S.D.N.Y. May 27, 2025) ("As an initial matter, any claims against . . . the NYPD itself must be dismissed because an agency of the City of New York is not an entity that can be sued."); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Thus, the Court dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court will construe any allegations asserted against the NYPD as being asserted against the City of New York, which is also a named defendant in this action.

Plaintiff's claims against Edward Caban, in his official capacity, must also be dismissed since he is no longer the NYPD Commissioner. If a public officer, who is a party in an official

capacity, resigns or ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d); *see Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 541 U.S. 913, 918 (2004) ("Regardless of whom they name, such suits . . . when the officer is the defendant, seek relief not against him personally, but against the Government. That is why federal law provides for automatic substitution of the new officer when the originally named officer has been replaced." (emphasis added.)); *see also Marciano v. de Blasio*, 589 F.Supp.3d 423, 426 n. 2 (S.D.N.Y. 2022) ("When a government official is sued in an official capacity and subsequently leaves office, the official's successor is automatically substituted. Were this case to continue beyond the motions disposed of here, it would be appropriate to substitute-in the successors of the named government officials.")

Thus, the Court dismisses Plaintiff's claims against Edward Caban, as he no longer holds the position of NYPD Commissioner. His successor, Jessica Tisch, is already a named defendant in this action.

**B. Waiver of Service**

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York and Jessica Tisch waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Police Department for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims against Edward Caban, as he no longer holds the position of NYPD Commissioner. *See* Fed. R. Civ. P. 25(d).

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York and Jessica Tisch waive service of summons.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 25, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge